United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIKE GELLER and MIKE YARBROUGH AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 302 HEALTH AND WELFARE AND PENSION TRUST FUNDS,<br><br>Plaintiff(s),<br><br>v.<br><br>WORLD TECH, a California Corporation, doing business as GEIGLE ELECTRIC,<br><br>Defendant(s). | CASE NO. 5:11-cv-01732 EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>[Docket Item No. 16] |

In this ERISA enforcement action, Plaintiffs Mike Geller and Mike Yarbrough, in their respective capacities as Trustees of the International Brotherhood of Electrical Workers Local 302 Health and Welfare and Pension Trust Funds ("Plaintiffs"), move for entry of default judgment against Defendant World Tech, doing business as Geigle Electric ("Defendant"). Defendant has not submitted written opposition to the motion, and the time for such opposition haS expired. See Civ. L. R. 7-3(a).

Having reviewed Plaintiff's submissions, the Court finds this matter appropriate for decision without oral argument. See Civil L. R. 7-1(b). The hearing scheduled for December 2, 2011, is therefore vacated and the motion granted for the reasons stated below.

## I.  BACKGROUND

The International Brotherhood of Electrical Workers Local 302 Health and Welfare and

Pension Trust Funds are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). See Complaint, Docket Item No. 1, at ¶ 3. Defendant is an employer as defined in ERISA. See id., at ¶ 4.

Plaintiffs allege that "at all times material hereto, there have been in full force and effect collective bargaining agreements covering the wages, hours and conditions of employment of certain employees of the Defendants." See id., at ¶ 5. The collective bargaining agreement required Defendant to make contributions into certain funds. See id., at ¶ 6. Plaintiffs allege that Defendant failed to make a contribution payment in February, 2011, and also failed to pay liquidated damages and interest due on payments from March through September, 2010. See id., at ¶ 10.

Plaintiffs filed this action on April 8, 2011, and the Clerk entered Defendant's default on June 23, 2011. See Docket Item No. 8. Plaintiffs now seek an order granting default judgment.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

### B. Jurisdiction and Service of Process

Courts have an affirmative duty to examine their own jurisdiction - both subject matter and personal jurisdiction - when entry of judgment is sought against a party in default. In re Tuli, 172

1 F.3d 707, 712 (9th Cir. 1999). Here, this court has subject matter jurisdiction pursuant to 29 U.S.C.
2 § 1132(e). Personal jurisdiction arises from service upon Defendant in California. See Docket Item
3 No. 4; Burnham v. Sup. Ct., 495 U.S. 604, 610-11 (1990).

4 The court must also assess whether the Defendant was properly served with notice of this
5 action. Plaintiffs served the Summons and Complaint on Thomas Geigle, who the Complaint
6 reveals is the President and CEO of Defendant. See Docket Item No. 4; see also Complaint, at Ex.1.
7 Thus, the court finds Plaintiffs properly effected service of process. Fed. R. Civ. P. 4(h)(1)(B) (a
8 corporation may be served "by delivering a copy of the summons and of the complaint to an officer,
9 a managing or general agent, or any other agent authorized by appointment or by law to receive
10 service of process.").

11     **C.**     **The Eitel Factors**

12 Application of each of the Eitel factors favors entry of default judgment against Defendant in
13 this case. First, if the motion were denied, Plaintiffs may be unable to recover and provide the
14 contributions owed to beneficiaries and members of the pension fund. Failure to enter a default
15 judgment therefore would result in prejudice to Plaintiffs as well as to the members they represent.

16 Second, the Complaint is sufficient to support entry of a default judgment. Judgment by
17 default cannot be entered if the complaint fails to state a claim. See Moore v. United Kingdom, 384
18 F.3d 1079, 1090 (9th Cir. 2004). In the instant action, Plaintiffs claim that defendant violated
19 Section 515 of ERISA by failing to pay contributions pursuant to the terms of the collective
20 bargaining agreement. See Complaint, at ¶¶ 5-7, 10-13. The court finds these allegations sufficient
21 to state a claim under Federal Rule of Civil Procedure 8(a).

22 Third, the sum of money at stake is relatively small. In general, the fact that a large sum of
23 money is at stake is a factor disfavoring default judgment. See Eitel, 782 F.2d at 1472 (the fact that
24 $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts,
25 supported the court's decision not to enter judgment by default). In the instant case, Plaintiffs have
26 asked for a total judgment of $106,228.26 - an amount far less than that contemplated by the court in
27 Eitel. Because the sum of money at stake here is modest in comparison, this factor weighs in favor
28 of entering a default judgment.

3
CASE NO. 5:11-cv-01732 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

1  Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact
2  weigh against entry of default judgment. Eitel, 782 F.2d at 1471-72. Here, Defendant has not
3  disputed any of Plaintiffs' contentions, and all material facts pled in the Complaint are verifiable.
4  See Decl. of Laramie Dorcy ("Dorcy Decl."), Docket Item No. 11.

5  Fifth, it is unlikely that default was the result of excusable neglect. This action was filed
6  over six months ago and Defendant has been properly served. Moreover, as the payments due are
7  pursuant to a collective bargaining agreement, Defendant is aware of the payment obligations for
8  which it is responsible.

9  Sixth, although federal policy generally disfavors the entry of a default judgment, all of the
10 Eitel factors weigh in favor of a default judgment here. Therefore, the motion to enter default
11 judgment will be granted.

### D. Damages

13 As previously noted, Plaintiffs' action is based on the statutory duty required under ERISA
14 Section 515. That section states that an employer who is obligated to make contributions to a multi-
15 employer plan must do so in accordance with the terms and conditions of such plan or such
16 agreement. 29 U.S.C. § 1145. Section 502(g) of ERISA states that in an action to enforce § 1145,
17 the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated
18 damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate.
19 29 U.S.C. § 1132(g)(2).

20 Plaintiffs seek interest and unpaid contributions, as well as liquidated damages, attorney's
21 fees, and costs in the total amount of $106,228.26. According to the Ninth Circuit:

> Section 1132(g) (2) of ERISA provides that when there is a judgment in favor of an employment benefit trust, the court shall award the trust unpaid contributions, interest on unpaid contributions, liquidated damages in some instances, and reasonable attorney fees. The language "shall award" denotes that such an award is mandatory. While attorney's fees are discretionary in the case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are not discretionary in section 1132(g)(2) cases.

Operating Engineers Pension Trust v. A–C Co., 859 F.2d 1336, 1342 (9th Cir. 1988) (citations omitted). It is clear, therefore, that Plaintiffs are therefore entitled to the award of unpaid

United States District Court
For the Northern District of California

contributions in the amount of $62,101.30,[1] interest in the amount of $391.23, as well as attorneys' fees and costs. The court finds Plaintiffs' request for $2,085.50 in attorneys fees and costs a reasonable amount.

What remains is Plaintiffs' request for liquidated damages. In order to award statutory liquidated damages in this Circuit: (1) the fiduciary must obtain a judgment in favor of the plan, (2) unpaid contributions must exist at the time of suit, and (3) the plan must provide for liquidated damages. Once the provision applies, liquidated damages are mandatory. Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

In this case, all three requirements for liquidated damages are satisfied. Default judgment in favor of the plan will be entered as determined above. Contributions for the month of August, 2011, were unpaid at the time of the motion was filed and presumably remain unpaid to date, considering Defendant failed to provide information suggesting otherwise. Furthermore, the agreement between Plaintiffs and Defendant provides for liquidated damages in the event of late payments. See Complaint, at ¶ 8; see also Dorcy Decl., at Ex. B. The court therefore finds that Plaintiffs should be awarded liquidated damages in the amount of $41,650.23.[2]

In sum, Plaintiffs are entitled to an award of unpaid contributions and interest, liquidated damages, and attorneys' fees and costs in the total amount of $106,228.26.

### III.   ORDER

Based on the foregoing, the hearing scheduled for December 2, 2011, is VACATED.

---

[1] Notably, Plaintiffs' instant motion requests a judgment for contributions due in August, 2011, while the Complaint sought damages for contributions due in February, 2011. While it is generally true, pursuant to Federal Rule of Civil Procedure 54(c), that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," the court finds the six-month discrepancy of no moment. Plaintiffs still request only one month of contributions. Moreover, Defendants were placed on notice in the Complaint that Plaintiffs may seek relief for continuing violations (see Complaint, at ¶ 13), and were served with notice of Plaintiffs' modified request well before the scheduled hearing date. See Docket Item Nos. 11, 14. But for the sake of clarity and consistency, the court allows the Complaint to be amended to reflect the actual relief now sought to the extent such an amendment is necessary. See Fed. R. Civ. Proc. 15(a)(2), (b)(2).

[2] For the same reasons stated in the preceding footnote, the court finds Defendants were sufficiently noticed of the amount of liquidated damages requested in this motion, and allows amended to the Complaint accordingly.

1  Plaintiffs' motion for entry of default judgment is GRANTED in the amount of $106,228.26.

2  Judgment will be entered accordingly, and the Clerk shall then close this file.

3  **IT IS SO ORDERED.**

5  Dated: November 17, 2011



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-01732 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT